**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Anthony Breyan, Appellant.

Appellate Case No. 2019-001589

———————

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-388
Submitted October 1, 2021 – Filed November 3, 2021

———————

**AFFIRMED**

———————

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr., and Assistant Attorney General William Frederick Schumacher, IV, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

———————

**PER CURIAM:** Michael Anthony Breyan appeals his conviction for threatening the life of a public official and sentence of four years' imprisonment. On appeal, Breyan argues the trial court erred in denying his motion for a directed verdict.

Because there was direct evidence that Breyan threatened the victim, the trial court did not err by denying Breyan's motion for a directed verdict. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("When reviewing a denial of a directed verdict, [an appellate c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [an appellate c]ourt must find the case was properly submitted to the jury."); *State v. Rogers*, 405 S.C. 554, 563, 748 S.E.2d 265, 270 (Ct. App. 2013) ("Direct evidence 'is based on personal knowledge or observation and . . . *if true*, proves a fact without inference or presumption.'" (omission in original) (quoting *Direct Evidence*, *Black's Law Dictionary* 636 (9th ed. 2009))); S.C. Code Ann. § 16-3-1040(A) (2015) ("It is unlawful for a person knowingly and [willfully] to . . . convey to a public official . . . any . . . verbal . . . communication which contains a threat to take the life of or to inflict bodily harm upon the public official . . . or members of his immediate family if the threat is directly related to the public official's . . . professional responsibilities.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.